IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BARON JAMES FOSTER,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-133-M-DLC<br><br>ORDER |

On November 1, 2021, state pro se petitioner Baron James Foster filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief.[1] Upon review of the petition, the Court noted that it appeared Mr. Foster's petition was filed nine years too late and that his claims were procedurally defaulted. *See generally*, (Doc. 4.) Mr. Foster was advised of the relevant legal standards and provided an opportunity to show why his petition should not be dismissed. *Id*. at 4-9. Mr. Foster timely responded. (Doc. 5.)

---

[1] Under the "prison mailbox rule" a court document is deemed filed as of the date the prisoner delivers it to prison officials to be mailed to the Court. *Houston v. Lack*, 487 U.S. 266, 274 (1988).

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. As explained below, Mr. Foster's petition will be dismissed.

I.  **Background**

On June 24, 2010, written judgment was entered, in Montana's Eleventh Judicial District, Flathead County, following Mr. Foster's conviction for Deliberate Homicide. (Doc. 1 at 2-3.) He was sentenced to 110-years at the Montana State Prison and his parole eligibility was restricted for the first 25-years of his sentence. *Id*. at 3.

Mr. Foster filed a timely direct appeal. *Id*. On June 21, 2011, in an unpublished opinion, the Montana Supreme Court affirmed Mr. Foster's conviction. See, *State v. Foster,* 2011 MT 148N, 361 Mont. 537, 264 P. 3d 519 (Table). The only issue presented was a challenge to the district court's decision to exclude evidence regarding a purported sexual relationship between the state's eyewitness and the victim. *Id*. at ¶ 2. The Court determined Mr. Foster failed to establish the district court erred in its evidentiary ruling. *Id*. at ¶ 4.

Mr. Foster did not file a petition for postconviction relief nor did he seek

state habeas relief. See, (Doc. 1 at 3-4.) Mr. Foster now asserts: (1) trial counsel provided ineffective assistance, *id*. at 4; (2) the trial judge was incompetent due to dementia/Alzheimer's disease, *id*. at 5; and, (3) the alleged eyewitness was convicted of the exact same crime, under the same circumstances, in Oklahoma, and this information was withheld. *Id*. at 8. Foster asks to have his conviction overturned with prejudice and his full liberties reinstated. *Id*. at 7.

Mr. Foster was advised that his petition was field outside the federal statute of limitations period by more than nine years. (Doc. 4 at 4-6.) Additionally, he was informed that because he did not exhaust any of the present claims in the state court system, they are now procedurally defaulted. *Id*. at 7-9. Mr. Foster was instructed on the showings he would need to make in order to excuse his untimeliness and default. *Id*. at 4-9.

In response, Mr. Foster first explains that he has limited legal knowledge or training, which has made collateral review of his conviction difficult. (Doc. 5 at 2.) Mr. Foster asserts that he has been represented by unethical and unscrupulous attorneys during his state court proceedings and that it was only due to the assistance from a fellow inmate that he has filed the instant petition. *Id*. at 2-3. Mr. Foster explains he is a veteran suffering from severed PTSD and neurosis and is unable to comprehend issues and events in his own life, which means he is easily taken advantage of by others. *Id*. at 3.

Additionally, Mr. Foster argues that he has new evidence to prove that he is innocent of the offense of Deliberate Homicide and that no juror could find him guilty beyond a reasonable doubt under *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). See, *Id*. 4-5. Specifically, Mr. Foster asserts that the only witness to the crime, Timothy Dean Smith, was found guilty of the exact same crime in Oklahoma and was sentenced to prison.[2] *Id*. at 4. Mr. Foster believes Smith's modus operandi, in both the Montana and Oklahoma crimes was the same and generally involved: pursuing women, being spurned by them, and then engaging in violence in response. *Id*. at 4-5. Mr. Foster claims Smith has yet again gotten away with deviant and criminal behavior because this information, including Smith's stalking, sexual perversion, and criminal history, was never presented to the jury during Mr. Foster's trial. *Id*. at 5-6. He then reiterates the claims contained in his petition. *Id*. at 6-9.

## II.     Analysis

Although Mr. Foster was provided an opportunity to demonstrate why his petition should not be dismissed as untimely and procedurally defaulted, he has failed to make an adequate showing. Accordingly, his petition will be dismissed.

---

[2] The Court would note that it does not appear Smith was ever charged with Deliberate Homicide in Oklahoma, but rather he was charged with Felonious Pointing of a Weapon. See, (Doc. 1-1 at 3.)

### i. Statute of Limitations

To the extent that Mr. Foster believes this Court should equitably toll the statute of limitations, see e.g., *Holland v. Florida*, 560 U.S. 631, 649 (2010), due to his lack of legal training and knowledge, such an argument is unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Thus, Mr. Foster has failed to present a basis which would entitle him to equitable tolling; his claims remain untimely.

### ii. Procedural Default

Mr. Foster also argues that his procedural default should be excused because there was insufficient evidence to convict him and that he is actually innocent. A procedural default may be excused for a fundamental miscarriage of justice. See, *Cook v. Schriro,* 538 F. 3d 1000, 1028 (9th Cir. 2008). Such a showing is made when a petitioner can demonstrate that a constitutional violation probably caused the conviction of one innocent of the crime. *Smith v. Baldwin*, 510 F. 3d 1127,

5

1139 (9th Cir. 2007)(en banc). The exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmelss constitutional error.'" *Schlup*, 513 U.S. at 316. To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence- that was not presented at trial." *Schriro*, 538 F. 3d at 1028 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, Mr. Foster has presented no newly discovered evidence which would establish his actual innocence. Instead Mr. Foster points to information regarding Smith which was never presented to the jury. But this information is not newly discovered under *Schlup*. As evidenced by Foster's attachments to his petition, all of the information surrounding Smith's criminal history and purported sexual relationship with the victim was well known to the parties and was the subject of a pretrial motion in limine. See e.g., Or. (Doc. 1-1 at 1-4.) Mr. Foster fails to present new evidence demonstrating his actual innocence. Thus, the information provided by Mr. Foster is inadequate for purposes of this Court's consideration in excusing the procedural default.

### iii. Conclusion

The claims contained in Mr. Foster's petition are untimely and procedurally defaulted without excuse. Mr. Foster has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default. Accordingly, this matter will be dismissed with prejudice.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Foster has not made a substantial showing that he was deprived of a constitutional right. He has failed to make a colorable claim of equitable tolling or

demonstrate the existence of a fundamental miscarriage of justice necessary to excuse the procedural default. Accordingly, his is petition is both procedurally defaulted and time barred. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Foster's Petition (Doc. 1) is DISMISSED with prejudice.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 7th day of April, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge